UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TAMBU PATRICK,<br><br>    *Plaintiff*,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>    *Defendants*. | 1:14-cv-1687-RC |

### Memorandum in Support of District of Columbia's
### Motion for Summary Judgment

The plaintiff, Tambu Patrick, alleges that in April 2013 District of Columbia (District) police officers beat him and caused him severe injuries. He wishes to recover against the District and claims false imprisonment (Count 1), assault and battery (Count 2), negligence (Count 3), and violations of his rights under the First, Fourth, Fifth, and Eighth Amendments to the U.S. Constitution (Counts 4-7). For the reasons discussed below, the Court should dismiss Mr. Patrick's complaint against the District.

### Background

Mr. Patrick alleges that on or about April 10, 2013, he was walking on the parking lot of his residence, and four officers from the District of Columbia Metropolitan Police Department were nearby. Compl. ¶ 14. According to the complaint, the officers observed Mr. Patrick throw trash into a dumpster at the back of his residence, and, as Mr. Patrick walked toward his vehicle, which was parked in the parking lot, the police officers approached him. *Id.* Mr. Patrick alleges that as he started entering his vehicle, one officer, James Chastanet, ordered him to exit and step

1

away from the vehicle and told Mr. Patrick he was going to conduct a pat-down of Mr. Patrick and search his car. *Id.*

Mr. Patrick states that at this point he asked Officer Chastanet whether the officers had a search warrant, Officer Chastanet replied that no warrant was necessary, and Officer Chastanet and the other officers then proceeded to beat Mr. Patrick, allegedly causing him severe injuries, and to arrest him. *Id.* ¶¶ 14-15.  Mr. Patrick alleges that his arrest was without probable cause, and that the police officers falsely stated that they had found drugs and a weapon on him. *Id.* 1. On April 11, 2013, Mr. Patrick was charged with unlawful possession of a firearm. *See* Ex. B to Compl. (Docket, 2013 CF2 5982).  Mr. Patrick alleges that his indictment was "based solely on [the officers'] false testimony before [the] grand jury." Compl. ¶ 36.  On May 3, 2013, the charge was dismissed. *See id.*  Mr. Patrick filed this lawsuit on October 9, 2014. *See* Compl.

## Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 554, 555 (2007).  The Supreme Court has set forth a two-pronged test to determine whether a complaint's factual allegations meet this standard. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).  First, the court should "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679.  Next, once a court has determined that the plaintiff has asserted "well-pleaded factual allegations," it "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.  For a complaint to be facially plausible, its factual allegations must support "the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (internal

quotation marks and citations omitted). The complaint's factual allegations "must produce an inference of liability strong enough to nudge the plaintiff's claims across the line from conceivable to plausible." *Id.* at 680 (internal quotation marks and citations omitted).

A *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Nonetheless, it "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). Thus, even for a *pro se* plaintiff, the basic pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

"In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice." *Cooper v. Jackson*, 941 F. Supp. 2d 75, 81 (D.D.C. 2013) (citing *Abhe & Svoboda, Inc. v. Chao,* 508 F.3d 1052, 1059 (D.C. Cir. 2007); *Covad Commc'ns Co. v. Bell Atl. Co.,* 407 F.3d 1220, 1222 (D.C. Cir. 2005)).

## Argument

Of the seven counts Mr. Patrick presents in his complaint, none state a claim allowing him to recover against the District because they are either disallowed as a matter of law or unsupported by the factual allegations in the complaint. The Court should therefore dismiss the complaint with respect to the District.

**I.     Mr. Patrick Cannot Recover on His Intentional Tort Claims (Counts 1 and 2) Because They Are Time-Barred, and Because He Has Not Complied with the Notice Requirement of D.C. Code Section 12-309.**

Mr. Patrick wishes to hold the District liable for the false imprisonment (Count 1) and assault and battery (Count 2) allegedly committed by District police officers. Under District law, the statute of limitations for false imprisonment, assault, and battery is one year. *See* D.C. Code § 12-301(4). According to the complaint, the events underlying Counts 1 and 2 occurred on or about April 10, 2013. *See* Compl. ¶¶ 14-15. Mr. Patrick filed this lawsuit on October 9, 2014, well over one year after the alleged false imprisonment and assault and battery. Counts 1 and 2 are therefore time-barred.

In addition, Mr. Patrick has no right of action against the District because he has not provided the notice required under D.C. Code section 12-309. Under District law, one who intends to sue the District for unliquidated damages must notify the Mayor's office within six months of the alleged injury underlying his claim. D.C. Code § 12-309. This notification must describe the "the approximate time, place, cause, and circumstances of the injury or damage." *Id.* The notice requirement is a mandatory prerequisite to suing the District: if a claimant does not comply with it before filing suit, no right of action accrues to him. *Campbell v. District of Columbia*, 568 A.2d 1076, 1077 (D.C. 1990) (citing *Gwinn v. District of Columbia*, 434 A.2d 1376, 1378 (D.C. 1981)). Failure to comply with section 12-309 cannot be "cured" after the lawsuit has commenced, even within six months of the alleged injury, since the purpose of section 12-309 is to allow the District to investigate and settle meritorious claims before litigation begins. *Id.* Courts enforce compliance with section 12-309 strictly. *See id.*

As demonstrated in the attached Declaration of Lana Craven of the District of Columbia's Office of Risk Management (Ex. 1), the plaintiff has not complied with D.C. Code

section 12-309.  He therefore cannot maintain his claims of false imprisonment and assault and battery against the District, and the Court should dismiss those claims.

**II.     The Court Should Dismiss Mr. Patrick's Negligence Claim (Count 3) Because No Facts Alleged Support It, It Is Premised on Allegedly Intentional Conduct, and Mr. Patrick Has Failed to Comply with D.C. Code Section 12-309.**

Mr. Patrick has brought one count of negligence against the District (Count 3).  He has not pled any facts supporting a negligence claim.  For this reason alone the Court should dismiss this claim.  To the extent he wishes to premise his negligence claim on the same allegations underlying his claims of false imprisonment and assault and battery, he is precluded from doing so.  "It is impossible" to negligently commit an intentional tort, as the states of mind required for negligent and intentional torts are separate and incompatible.  *District of Columbia v. Chinn,* 839 A.2d 701, 708 (D.C. 2003) (citing *Sabir v. District of Columbia,* 755 A.2d 449, 452 (D.C. 2000)).  Although "one incident may give rise to both negligence and intentional tort claims," a plaintiff "must set forth theories meeting the individual requirements of each claim."  *Id.* at 710.  A plaintiff "may not bootstrap" a negligence claim onto an intentional tort, as "one may not commit a negligent assault."  *Id.*

Here, Mr. Patrick's allegations concerning the police officers' actions toward him all bespeak intentional conduct, not negligence.  He alleges, for instance, that Officer Chastanent "grabbed Patrick's keys out of his hand," "hit[] and punch[ed] Patrick all over his body," "slammed Patrick onto the ground," and "placed [him] under arrest."  Compl. ¶¶ 14-15.  Mr. Patrick asserts that these acts constituted false imprisonment and assault and battery.  Yet he also asserts that they constituted negligence.  *See* Compl. ¶ 28 (incorporating paragraphs 1 through 22 of complaint in support of negligence claim).  This claim makes little sense, and should fail as a matter of law, because the state of mind required for the intentional torts precludes the state of

mind required for negligence.  Mr. Patrick has not articulated negligence as an alternative explanation for his alleged beating by District police officers; he has bootstrapped it onto the same alleged events underlying his false imprisonment and assault and battery claims.  For this reason, the Court should dismiss Count 3.

The Court should also dismiss Count 3 for the independent reason that Mr. Patrick has failed to provide the District notice of his intent to sue the District, as D.C. Code section 12-309 requires.  *See supra* at 4-5.

### III. The Court Should Dismiss Mr. Patrick's Constitutional Claims (Counts 4 to 7) Because He Does Not Allege That a District Policy Caused The Alleged Constitutional Violations.

Mr. Patrick wishes to hold the District liable for the alleged violations of his First, Fourth, Fifth, and Eighth Amendment rights (Counts 4 to 7).  *See* Compl. ¶¶ 28-33.  Although the complaint does not mention 42 U.S.C. § 1983, the claims are presumably brought under that statute.[1]  To state a viable claim under section 1983, Mr. Patrick must allege facts plausibly suggesting that a person acting under color of law deprived him of a constitutional right or a right conferred by federal law.  *See Brown v. District of Columbia*, 514 F.3d 1279, 1281 (D.C. Cir. 2008).  The District of Columbia is a municipality for purposes of determining municipal liability under section 1983.  *Butera v. District of Columbia*, 235 F.3d 637, 660 (D.C. Cir. 2001) (citing D.C. Code § 1-102 (1999 Repl.)).  Like all municipalities, however, it cannot be held liable on a *respondeat superior* theory.  *Singletary v. District of Columbia*, 766 F.3d 66, 72 (D.C. Cir. 2014) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).  "Instead, it is only

---

[1] The statute provides:
> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

'when execution of a government's policy or custom inflicts the injury that the government as an entity is responsible under § 1983.'" *Id.* (quoting *Monell*, 436 U.S. at 694).

A municipality's policy or custom can be the cause of an injury if (1) "the municipality or one of its policymakers explicitly adopt[s] the policy that was the moving force of the constitutional violation"; (2) a policymaker knowingly ignores an unconstitutional practice consistently enough to constitute custom; or, (3) the municipality fails to respond "to a need in such a manner as to show deliberate indifference to the risk that not addressing the need will result in constitutional violations." *Warren v. District of Columbia*, 353 F.3d 36, 39 (D.C. Cir. 2004) (internal citations and quotation marks omitted).

A plaintiff "cannot rely upon scattershot accusations of unrelated constitutional violations to prove either that a municipality was indifferent to the risk of her specific injury or that it was the moving force behind her deprivation." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999). Rather, "municipal liability will attach only for those policies or customs having a *specific* deficiency or deficiencies . . . such as to make the *specific* violation almost bound to happen, sooner or later, rather than merely likely to happen in the long run." *Id.* (quoting *Spell v. McDaniel,* 824 F.2d 1380, 1390 (4th Cir. 1987)) (internal quotation marks omitted) (emphasis added).

Mr. Patrick does not allege that a District of Columbia policy or custom caused his alleged constitutional injuries. Nor does he allege that the District acted in a way showing deliberate indifference to his constitutional rights. He alleges that the actions of District police officers violated his rights under the First, Fourth, Fifth, and Eighth Amendments, but under section 1983 a municipality "cannot be held liable *solely* because it employs a tortfeasor."

*Singletary*, 766 F.3d at 72.  Because Mr. Patrick presents no allegations showing municipal liability, the Court should dismiss his constitutional claims against the District.

**IV.     The Court Should Also Dismiss Mr. Patrick's First, Fifth, and Eighth Amendment Claims (Counts 4, 6, and 7) Because He Does Not Allege Any Facts Making Relief Under These Amendments Plausible.**

Mr. Patrick's First, Fifth, and Eighth Amendment Claims (Counts 4, 6, and 7) also fail because his allegations do not plausibly give rise to relief under these Amendments.  Even liberally construed, the complaint appears to implicate none of these Amendments.  There is no mention of speech, assembly, religious exercise, or any other fact that would implicate any of the multitude of rights the First Amendment protects, and the Court should dismiss Mr. Patrick's First Amendment claim.

Mr. Patrick's Fifth Amendment due-process claim appears to be grounded in his allegation that his indictment was "based solely on [the officers'] false testimony before [the] grand jury"—i.e., that he was wrongly indicted.  Compl. ¶ 36.  A due process violation may occur at the grand jury stage if prosecutorial misconduct "'substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence" of such misconduct.  *Goodrich v. Hall*, 448 F.3d 45, 49-50 (1st Cir. 2006) (quoting *Bank of Nova Scotia v. United States,* 487 U.S. 250, 263 (1988)).  "The person directly responsible for any [F]ifth [A]mendment violation, the prosecutor, is absolutely immune from suit," and "to state a claim against the other defendants, [the plaintiff must] allege that those individuals controlled the decision-making process of the prosecutor." *McCarthy v. Mayo*, 827 F.2d 1310, 1316 (9th Cir. 1987).  No allegations in the complaint suggest that the police officers exercised such control.  For this reason, Mr. Patrick has not stated a due process claim against the police officers, and the Court should dismiss his Fifth Amendment claim. *Cf. McCarthy*, 827

F.2d at 1316 (holding, on similar facts, that the plaintiff failed to state a claim under section 1983).

Nor do Mr. Patrick's allegations implicate the Eighth Amendment. The Eighth Amendment states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." The Cruel and Unusual Punishments Clause has no applicability outside the criminal process. *Ingraham v. Wright,* 430 U.S. 651, 667 (1977). The Excessive Bail and Excessive Fines Clauses apply in criminal proceedings, and in certain circumstances outside criminal proceedings. *See Carlson v. Landon*, 342 U.S. 524, 544-45 (1952) (discussing Excessive Bail Clause in context of aliens held without bail during deportation proceedings); *Austin v. United States*, 509 U.S. 602, 621-22 (1993) (holding that Excessive Fines Clause applies to fees levied through civil forfeiture).

Mr. Patrick does not claim that bail, fines, or punishment are at issue here. His complaint concerns his alleged beating and false arrest by District police officers and is not related to the criminal process or punishment; nor does it involve deportation proceedings or civil forfeiture. Because none of the allegations in the complaint implicate the protections the Eighth Amendment provides, and the Court should dismiss Mr. Patrick's Eighth Amendment claim.

### Conclusion

For these reasons, the Court should dismiss Mr. Patrick's complaint against the District.

December 30, 2014　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　EUGENE A. ADAMS
　　　　　　　　　　　　　　　　Interim Attorney General for the District of Columbia

　　　　　　　　　　　　　　　　GEORGE C. VALENTINE
　　　　　　　　　　　　　　　　Deputy Attorney General, Civil Litigation Division

　　　　　　　　　　　　　　　　*/s/ Jonathan H. Pittman*

JONATHAN H. PITTMAN [430388]
Chief, Civil Litigation Division Section III
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
(202) 724-6602
(202) 741-8926 (fax)
jonathan.pittman@dc.gov

*/s/ Ali Naini*
ALI NAINI [998331]
Assistant Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
(202) 727-9624
(202) 730-1441 (fax)
ali.naini@dc.gov

Counsel for the District of Columbia