# UNITED STATES COURT FOR THE DISTRICT OF COLUMBIA

**TAMBU PATRICK**

**v.**                                                                                          1-14-cv-1687-RC
                                                                                                Judge Contreras
**DISTRICT OF COLUMBIA.** *et al.*
_____/

## PLAINTIFF'S AMENDED COMPLAINT

## STATEMENT OF THE CASE

This case arose out of a warrantless search and seizure and arrest of the Plaintiff, and excessive use of force against him on or about April 10, 2013 by District of Columbia police officers from the 7th District. Plaintiff seeks money damages for the wrongful and illegal acts of these officers.

## JURISDICTION AND VENUE

Jurisdiction of this court is founded on 28 U.S.C. Section 1391 and 42 U.S.C. 1983. All acts complained of in this suit occurred in the District of Columbia.

## PARTIES

1. Plaintiff Tambu Patrick is a resident of the District of Columbia.

2. The District of Columbia is a municipal corporation capable of suing and being sued.

3. Defendant Tony Covington at all times relevant to the actions set forth in this Complaint was a D.C. police officer stationed at the 7th District.

4. Defendant Christopher Plumley at all times relevant to the actions set forth in this Complaint was a D.C. police officer stationed at the 7th District.

5. Defendant Ursula Tutt at all times relevant to the actions set forth in this Complaint was a D.C. police officer stationed at the 7th District.

6. Defendant James Chastanet at all times relevant to the actions set forth in this Complaint was a D.C. police officer stationed at the 7th District.

7. Defendant Seth Anderson at all times relevant to the actions set forth in this Complaint was a D.C. police officer stationed at the 7th District.

8. Defendant Sean Hodges at all times relevant to the actions set forth in this Complaint was a D.C. police officer stationed at the 7th District.

9. The individual defendants at all times relevant to the actions set forth in this Complaint were acting within the scope of their employment and under color of law.

## FACTS

10. On or about April 10, 2013, at approximately 7 p.m., Tambu Patrick was walking in the parking lot of his residence 3838 south Capitol street, S.E. and threw trash into the dumpster.

11. He began to walk toward his car and get in it when he was confronted by officers Covington, Plumley, Tutt, and Chastanet.

12. Chastanet told Patrick he was going to conduct a pat down search of him and also search his car.

13. Patrick asked him if he had a warrant.

14. Chastanet said he didn't need one and grabbed Patrick's keys from his hand.

15. When Patrick protested the four officers began punching Patrick all over his body and then slammed him to the ground and was kneed in his mouth by Chastanet..

16. Patrick was bleeding and suffered injuries to his face and back, some of the officers continued hitting him while he was being handcuffed.

17 Patrick was arrested without being told what he was charged with and was transported to United Medical Center for treatment.

18. Patrick was treated for a laceration to his mouth, an abrasion to his lip and facial and back contusions.

19. Officers Anderson and Hedges then transported Patrick to the jail.

20. Patrick was charged with illegal possession of a fire arm,and possession of PCP and heroin with intent to distribute.

21. Patrick was held in jail until 5/3/13 when the charges were dismissed.

22.   Three days later Patrick was arrested and because of his arrest on April 10, 2013, he was found guilty of violating his parole and was incarcerated until December 4, 2014 when he was released.

## COUNT I
## 42 U.S.C. 1983-4th Amendment

23.   The allegations set forth in paragraphs 1 through 22 are re-alleged and incorporated herein by reference.

24.   The actions of these officers in illegally arresting Patrick, beating him up, and illegally searching his car were in violation his Fourth Amendment right to be free of unreasonable search and seizure.

25.   Patrick did nothing in the presence of these officers to give them any basis to search him search his car, and arrest by use of force and violence.

26.   The actions of these officers were consistent with a pattern stretching back at least ten years of illegal searches and arrests, false charges, and excessive use of force which has been condoned by the Metropolitan Police Department and its Internal Affairs Unit, and by the District of Columbia.

27.   As a result of this indifference to the continual violation of citizens rights by the Metropolitan Police Department, its Internal Affairs Unit, and the District of Columbia government has encouraged police officers to continue acting in the same illegal fashion.

WHEREFORE, the Defendant officers are jointly and severally liable to Plaintiff in the amount of $750,000.00 in compensatory damages and $750,000.00 in punitive damags .

## COUNT II
## ( FALSE IMPRISONMENT-INDIVIDUAL DEFENDANTS)

28.   The allegations contained in paragraphs 1 through 27 are re-alleged and incorporated by reference herein.

29.   The actions of the Defendant officers in in making a warrantless arrest of Patrick who committed no crime in their presence and did nothing more than throw some trash in a dumpster was without probable cause and was illegal.

WHEREFORE, the Defendant officers are jointly and severally liable to Plaintiff in the amount of $750,000.00 in compensatory damages and $750,000.00 in punitive damages.

## COUNT 111
## (EXCESSIVE FORCE-INDIVIDUAL DEFENDANTS)

30.   The allegations contained in paragraphs 1 through 29 are re-alleged and incorporated by reference herein.

31.   The actions of the defendant officers in beating up and slamming Patrick to the ground, and injuring Patrick when he was unarmed and was no threat to them constituted excessive use of force and was malicious in nature.

WHEREFORE, the Defendant officers are jointly and severally liable to Plaintiff in the amount of $750,000.00 in compensatory damages and $750,000.00 in punitive damages.

## COUNT IV
## (ABUSE OF PROCESS-INDIVIDUAL DEFENDANTS)

32. The allegations contained in paragraphs 1 through 31 are re-alleged and incorporated by reference herein.

33. In arresting Patrick and making false charges against him, they knew that even if the charges against him were dismissed, which they were, that he would be sent back to jail for violating his probation.

34. As such, these officers used their authority as police officers to make charges against him that they knew to be false in order to see to it he would once again be jailed even though he committed no crime.

WHEREFORE, the Defendant officers are jointly and severally liable to Plaintiff in the amount of $750,000.00 in compensatory damages and $750,000.00 in punitive damages.

## COUNT V
## (MALICIOUS PROSECUTION-INDIVIDUAL DEFENDANTS)

35. The allegations contained in paragraphs 1 through 31 are re-alleged and incorporated by reference herein.

36.     The Defendant officers in preferring charges against Patrick knew them to be false and knew that if he was convicted based on their false testimony he would serve a significant amount of jail time.

37.     The actions of these officers were heedless of Patrick's rights and the fact that he would be deprived of his liberty and, as such, were malicious in nature.

WHEREFORE, the Defendant officers are jointly and severally liable to Plaintiff in the amount of $750,000.00 in compensatory damages and $750,000.00 in punitive damages.

Plaintiff requests trial by jury on all issues.

Respectfully submitted,

/s/Donald F. Rosendorf
Donald F. Rosendorf DCB 54253
1513 King Street
Alexandria, Virginia 22314
703-838-7770 (ph)
703-548-9756 (fax)
drosendor@aol.com
Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

     I hereby certify that a copy of the Amended Complaint was served this 23nd day of October, 2015, through the Court's electronic filing system on the following counsel for Defendants:

 AAG Ali Naini
441 4th Street, N.W., Suite 630 South
Washington, D.C. 20001

And

AAG Jonathan H. Pittman
441 4th Street, N.W., Suite 630 South
Washington, D.C. 20001