# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| TAMBU PATRICK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.:    14-1687 (RC) |
| v. | : | |
| | : | Re Document Nos.:   34, 35 |
| DISTRICT OF COLUMBIA, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## MEMORANDUM OPINION

### GRANTING DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS COUNT I; GRANTING DEFENDANT-OFFICERS' MOTION TO DISMISS COUNTS II AND V

## I.  INTRODUCTION

In this action, Plaintiff Tambu Patrick has brought suit against Defendants District of

Columbia (the "District") and Metropolitan Police Department ("MPD") Officers Tony

Covington, Kristopher Plumley, Ursula Tutt, James Chastanet, Seth Anderson, and Sean Hodges

(the "Officers") for damages resulting from injuries he sustained from a physical confrontation

with the Officers on April 10, 2013.  *See* Am. Compl., ECF No. 31.  The Court's previous

decision granted the District's motion to dismiss Mr. Patrick's original complaint, but granted

him leave to file an amended complaint that complies with the law set forth in *Monell v.*

*Department of Social Services*, 136 U.S. 658 (1978).  *See Patrick v. District of Columbia*,

No. 14-1687, 2015 WL 5185845, at *6, *7 (D.D.C. Sept. 4, 2015).  The District now moves to

dismiss Mr. Patrick's claim made under 42 U.S.C. § 1983 (Count I of the Amended Complaint)

and alleges that the amended complaint fails to establish the municipal custom or policy *Monell*

requires.  *See* Mem. Supp. District of Columbia's Mot. Dismiss Count 1 Am. Compl., at 3–7,

ECF No. 34-1 [hereinafter D.C.'s Mem. Supp.].  Meanwhile, the Officers move to dismiss some of Mr. Patrick's false imprisonment and abuse of process claims (Counts II and V of the Amended Complaint) and allege that Mr. Patrick failed to bring those claims within the applicable limitations period.  *See* Mem. Supp. MPD Officers' Mot. Dismiss Counts 2 & 5 Am. Compl., at 3–5, ECF No. 35-1 [hereinafter Officers' Mem. Supp.].

The Court will grant the District's motion to dismiss Mr. Patrick's § 1983 claim because the amended complaint does not contain the factual allegations required to survive a motion to dismiss under the standard set by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  The Court will also grant the Officers' motion to dismiss Mr. Patrick's false imprisonment and abuse of process claims because Mr. Patrick failed to bring those claims within the applicable limitations period.

## II.  BACKGROUND[1]

According to the Amended Complaint, an altercation happened on April 10, 2013, between Mr. Patrick and the Officers in the parking lot of his residence in Southeast Washington, D.C.  *See* Am. Compl. ¶¶ 10–15.  Mr. Patrick contends that the Officers searched and beat him without cause.  *See id.* ¶¶ 12–15.  Mr. Patrick suffered injuries to his face and back.  *See id.* ¶¶ 12–18.  The Officers then arrested Mr. Patrick and charged him with illegal possession of a firearm, possession of PCP,[2] and possession of heroin with intent to distribute.  *See id.* ¶¶ 17, 20.

---

[1] The facts of this case were discussed in greater detail in this Court's previous opinion. *See Patrick v. District of Columbia*, No. 14-1687, 2015 WL 5185845, at *1–2 (D.D.C. Sept. 4, 2015).

[2] "PCP" is the commonly used abbreviation for the drug phencyclidine. *See generally* 21 U.S.C. § 841(b)(1)(A)(iv) (noting the abbreviation "PCP" for phencyclidine).

Mr. Patrick was held in jail until May 3, 2013, when the criminal charges against him were dismissed. *Id.* ¶ 21. Three days later, on May 6, 2013, he was arrested and incarcerated for violating parole. *Id.* ¶ 22. He was released on December 4, 2014. *Id.*

While incarcerated, Mr. Patrick filed the complaint triggering this lawsuit on October 8, 2014. Compl., at 1, ECF No. 1 (showing that Mr. Patrick filed suit while still incarcerated). This Court granted the District's motion to dismiss that complaint, but also granted Mr. Patrick's motion for leave to file an amended complaint that would better assert his Fourth Amendment claim. *See Patrick v. District of Columbia*, No. 14-1687, 2015 WL 5185845, at *2–7 (D.D.C. Sept. 4, 2015). After Mr. Patrick filed his amended complaint, the District and the Officers filed motions to dismiss, which are before the Court now. *See* District of Columbia's Mot. Dismiss Count 1 Am. Compl., ECF No. 34; Officers' Mot. Dismiss Counts 2 & 5 Am. Compl., ECF No. 35. The District argues that Mr. Patrick's § 1983 claim (Count I of the Amended Complaint) should be dismissed because his amended complaint fails to show the requisite causal link between the injuries he sustained and a District custom or policy, which *Monell v. Department of Social Services*, 436 U.S. 658, 694–95 (1978), requires. *See* D.C.'s Mem. Supp., at 3–7. The Officers argue that Mr. Patrick's false imprisonment and malicious prosecution claims (Counts II and V of the Amended Complaint) are barred by a one-year statute of limitations. *See* Officers' Mem. Supp., at 3–5.

### III.  LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim" in order to give the defendant fair notice of the claim and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *accord Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate

likelihood of success on the merits; rather, it tests whether a plaintiff has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982); *Brewer v. District of Columbia*, 891 F. Supp. 2d 126, 130 (D.D.C. 2012). A court considering such a motion presumes that the complaint's factual allegations are true and construes them liberally in the plaintiff's favor. *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).

Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56 (citations and footnote omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678. A court need not accept a plaintiff's legal conclusions as true, *see id.*, nor must a court presume the veracity of legal conclusions that are couched as factual allegations, *see Twombly*, 550 U.S. at 555.

## IV. ANALYSIS

### A. Count I: Municipal Liability under 42 U.S.C. § 1983

42 U.S.C. § 1983 provides a private cause of action against municipalities, such as the District, for the deprivation of a federal constitutional or statutory right. *See* 42 U.S.C. § 1983; *Mitchum v. Foster*, 407 U.S. 225, 239 (1972). To hold a municipality liable for the constitutionally objectionable actions of its employees under § 1983, however, a plaintiff must

show how that municipality's policy or custom was the "moving force" behind a constitutional

violation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694–95 (1978); *Baker v. District of*

*Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003) (setting forth the two-part test for determining

whether a local government may be held liable under 42 U.S.C. § 1983 and *Monell*).  First, the

plaintiff's complaint must state a claim for a predicate constitutional violation.  *Baker*, 326 F.3d

at 1306.  Second, the plaintiff must state a claim that the municipality's policy or custom caused

the constitutional violation.  *Id.*

> The D.C. Circuit has further explained that
>
> [t]here are a number of ways in which a "policy" can be set by a municipality to
> cause it to be liable under § 1983: [1] the explicit setting of a policy by the
> government that violates the Constitution; [2] the action of a policy maker within
> the government; [3] the adoption through a knowing failure to act by a policy
> maker of actions by his subordinates that are so consistent that they have become
> "custom"; or [4] the failure of the government to respond to a need . . . in such a
> manner as to show "deliberate indifference" to the risk that not addressing the
> need will result in constitutional violations.

*Id.* at 1306 (citations omitted).

Mr. Patrick's amended complaint seems to assert the fourth basis for liability—that the

District was deliberately "indifferen[t]" to MPD officers' "excessive use of force."  Am. Compl.

¶¶ 26–27.  However, as discussed below, Mr. Patrick's amended complaint fails to supply the

necessary *factual* content to meet the pleading requirements prescribed by the Supreme Court in

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

*Twombly* and *Iqbal* require the plaintiff to allege *facts* that allow the court to find his

claim plausible.  *See Twombly,* 550 U.S. at 555; *see also Iqbal,* 556 U.S. at 678 (applying

*Twombly*'s pleading standard outside of the antitrust context).  Mere conclusory statements or a

formulaic recitation of the elements of a cause of action do not suffice.  *See Twombly*, 550 U.S. at

555 ("[A] plaintiff's obligation to provide the 'grounds' for his 'entitle[ment] to relief' requires

more than labels and conclusions . . . ." (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))).

Thus, under *Twombly* and *Iqbal*, a complaint that contains only conclusory statements without factual allegations does not state a claim.  *See Blue v. District of Columbia*, 811 F.3d 14, 20 (D.C. Cir. 2015) (articulating, in the context of § 1983 claim, that, "when reviewing the sufficiency of a complaint, a court must . . . determine whether the plaintiff has pleaded [the necessary] elements with adequate factual support"); *Costello v. District of Columbia*, 826 F. Supp. 2d 221, 225–26 (D.D.C. 2011) (emphasizing the need for facts pleaded to support the plaintiffs' legal claims brought under § 1983).  The complaint in *Costello v. District of Columbia*, for instance, did not state a claim because it lacked adequate factual content. *See Costello*, 826 F. Supp. 2d at 222–26.  In that case, the plaintiffs sued the District after MPD officers searched their apartment.  *Id.* at 222–23.  In their amended complaint, the plaintiffs contended that the search was performed under the

> District's long standing policy, practice and custom that allows police officers to execute search warrants without training its officers how to properly execute a search warrants to insure that it is not executed in violation of the requirements of 18 U.S.C. § 3109, and the Fourth Amendment of the United States Constitution's prohibition against unreasonable searches and seizures.

*Id.* at 224–25 (brackets and footnote omitted) (quoting the plaintiffs' amended complaint).  The plaintiffs further asserted that "[i]t is the execution of this long standing policy, practice, and/or custom that caused the Plaintiff's injuries alleged in this complaint."  *Id.* (quoting the plaintiffs' amended complaint).  The Court dismissed the plaintiffs' § 1983 claim and noted that "without further factual enhancement, the plaintiffs' allegations are insufficient to state a plausible claim of municipal liability against the District."  *Id.* at 226 (citations omitted); *see also Trimble v. District of Columbia*, 779 F. Supp. 2d 54, 59 (D.D.C. 2011) ("[M]erely speculating that an unidentified policy and uncorroborated practice or custom exists without providing any factual

heft to support the allegation is insufficient to state a claim under § 1983.").  In general, "[t]he mere assertion that the police officer 'was acting . . . pursuant to the policies of [the] defendant . . . ' is not specific enough to withstand dismissal."  *Miller v. Barry*, 698 F.2d 1259, 1261 (D.C. Cir. 1983) (per curiam).

In contrast, a plaintiff sufficiently pleads a § 1983 claim when his complaint refers to specific incidents that plausibly show a custom or pattern of behavior.  *See, e.g.*, *Warren v. District of Columbia*, 353 F.3d 36, 39–40 (D.C. Cir. 2004); *Singh v. District of Columbia*, 881 F. Supp. 2d 76, 87 (D.D.C. 2012).  For instance, "factual statements, such as: 'they stuck the same needles in everybody's arms to draw blood'" are sufficient to show a custom or policy of prisoner mistreatment. *Warren*, 353 F.3d at 39–40 (alterations omitted). Likewise, the Court noted the factual sufficiency of the plaintiff's harassment allegations in *Singh v. District of Columbia*:

> Here, the plaintiff was issued three traffic tickets over the span of eighteen days . . . .  According to the plaintiff, he reported the harassment to an MPD supervisor in May of 2009, to the Office of Police Complaints in early June of 2009, and to another MPD supervisor later that month.  In addition, the plaintiff stated at two hearings . . . that he had been issued such tickets as part of a harassment campaign.  Accepting as true the plaintiff's allegations, after the plaintiff expressly reported the harassment on five separate occasions, the District would have been aware of the risk of constitutional violations. Yet nothing was done to stop, discipline, or investigate the defendant officers.

*Singh*, 881 F. Supp. 2d at 87 (citations to the amended complaint omitted).  These kinds of statements plausibly evidence the deliberate indifference required to state a claim under § 1983. *See Warren*, 353 F.3d at 39–40; *Singh*, 881 F. Supp. 2d at 87.

Here, Mr. Patrick's complaint fails to provide sufficient facts that show how the MPD Officers' conduct toward him was part of a District of Columbia custom or policy.  *See* Am. Compl. ¶¶ 26–27; *see also Monell*, 436 U.S. at 694–95.  The relevant portions of Mr. Patrick's amended complaint declare as follows:

> 26. The actions of these officers were consistent with a pattern stretching back at least ten years of illegal searches and arrests, false charges, and excessive use of force which has been condoned by the Metropolitan Police Department and its Internal Affairs Unit, and by the District of Columbia.
>
> 27. As a result of this indifference to the continual violation of citizens['] rights by the Metropolitan Police Department [and] its Internal Affairs Unit, and the District of Columbia government has encouraged police officers to continue acting in the same illegal fashion.

Am. Compl. ¶¶ 26–27.  Mr. Patrick points to an alleged history of police abuse and the District's indifference to that abuse without supporting his assertion with facts.  *Compare id.* (alleging merely "a pattern . . . of illegal searches and arrests, false charges, and excessive use of force" and the District's "indifference to the continual violation of citizens['] rights"), *with Costello*, 826 F. Supp. 2d at 224–26 (holding that a complaint failed to state a claim by merely alleging that the District had a "long standing policy, practice and custom that allows police officers to execute search warrants without training its officers" (brackets omitted)).  His complaint, by merely asserting that the police officers were acting in accordance with District custom, "is not specific enough to withstand dismissal." *Miller*, 698 F.2d at 1261; *see also Iqbal*, 556 U.S. at 678 (explaining that a complaint does not state a claim when it tenders "'naked assertion[s]' devoid of 'further factual enhancement'" (alteration in original) (quoting *Twombly*, 550 U.S. at 557)).

In particular, Mr. Patrick's two short paragraphs do not offer any specific instance showing how a plausible District custom or policy was behind the injury he suffered. *Compare* Am. Compl. ¶¶ 26–27 ("The actions of these officers were consistent with a pattern stretching back at least ten years of illegal searches and arrests, false charges, and excessive use of force . . . ."), *with Warren*, 353 F.3d at 40 (holding factual statements, in which the plaintiff alleged that prison officials "stuck the same needles in everybody's arms" (internal quotation marks omitted), sufficient to state a claim of a custom or policy causing a constitutional violation), *and Singh*, 881 F. Supp. 2d at 87 (finding that the plaintiff alleged sufficient factual

content when the complaint showed that "the plaintiff was issued three tickets over the span of eighteen days, . . . reported the harassment to an MPD supervisor . . . , [and] stated at two hearings . . . that he had been issued such tickets as part of a harassment campaign").  To substantiate his § 1983 claim with allegations of the municipal policy or custom required by *Monell*, Mr. Patrick has added only paragraphs twenty-six and twenty-seven in his amended complaint.  *Compare* Compl. ¶ 30, *with* Am. Compl. ¶¶ 23–27.  Mr. Patrick provides some conclusory legal statements in these two paragraphs, but "we are not bound to accept as true a legal conclusion couched as a factual allegation."  *Ashcroft v. Iqbal*, 556 U.S. at 678.

Additionally, a complaint may not be amended by a brief in opposition to a motion to dismiss.  *Robinson v. Deutsche Bank Nat'l Tr. Co.*, 932 F. Supp. 2d 95, 105 (D.D.C. 2013).  In his opposition to the District's motion to dismiss, Mr. Patrick offers four anecdotes, obtained from his lawyer, which he believes show evidence of a "custom" of police brutality by the MPD.  Pl.'s Opp'n D.C.'s Mot. Dismiss & MPD's Mot. Dismiss, at 5–7, ECF No. 38 [hereinafter Pl.'s Opp'n].  Because these anecdotes were not contained in his amended complaint, the Court will not consider them here.  And even if the Court considered these four anecdotes, they would be insufficient to save Mr. Patrick's § 1983 claim from dismissal.  A "catalog of disquieting events is not sufficient to demonstrate a pervasive pattern of police officer indulgence in the use of excessive force."  *Carter v. District of Columbia*, 795 F.2d 116, 123 (D.C. Cir. 1986).  When, as here, the occurrences "do not coalesce into a discernible 'policy[,]'" they "do not line up to compose a common or widespread pattern of police misbehavior adequate to establish § 1983 municipal liability."  *Id.* at 123–24; *see* Pl.'s Opp'n, at 5–7 (recounting the four anecdotes without pointing to or showing a discernible and specific pattern of police officer conduct).

And even though Mr. Patrick argues that his factually insufficient complaint should be excused because he "has not yet had an opportunity to do any discovery," Pl.'s Opp'n, at 5, the Supreme Court has made clear that "a plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Iqbal*, 556 U.S. at 678–79.  In addition, by arguing that he requires discovery at the motion-to-dismiss stage, Mr. Patrick essentially concedes that his allegations against the District are based on speculation. *See Haight v. O'Bannon*, 102 F. Supp. 3d 179, 182 (D.D.C. 2015).  Speculative allegations "that merely recite the legal standard fall short of the requirements for pleading municipal liability." *Id.* (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985)).

In short, because Mr. Patrick's amended complaint fails to plead sufficient "factual content that allows the court to draw the reasonable inference that the [District of Columbia] is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556), the Court must grant the District's motion to dismiss Mr. Patrick's § 1983 claim against the District of Columbia.

### B.  Counts II and V: False Imprisonment and Malicious Prosecution

A plaintiff must bring an action for false imprisonment or malicious prosecution within one year of when the cause of action first accrues.  D.C. Code § 12-301(4).  The limitations period for false imprisonment begins to run "when the individual is arrested or imprisoned." *Curtis v. Lanier*, 535 F. Supp. 2d 89, 94 (D.D.C. 2008).  The limitations period for malicious prosecution begins to run "from the time that the underlying criminal . . . action is disposed of in favor of the plaintiff." *Id.* (citations omitted).  If a plaintiff fails to file claims for false imprisonment or malicious prosecution within the one-year limitations period, those claims must be dismissed. *Id.* (citing *Mullin v. Wash. Free Weekly, Inc.*, 785 A.2d 296, 297 (D.C. 2001)).

Nevertheless, the limitations period may be tolled if the plaintiff's imprisonment prevents him from commencing a lawsuit when the limitations period begins to run. *See* D.C. Code § 12-302(a)(3); *District of Columbia v. Tinker*, 691 A.2d 57, 64–65 (D.C. 1997); *Cannon v. District of Columbia*, 569 A.2d 595, 596 (D.C. 1990) (per curiam); *see also Simpson v. D.C. Metro. Police Dep't*, 789 F. Supp. 5, 8 (D.D.C. 1992). In such a case of imprisonment, the limitations period begins to run when the plaintiff is released from prison. *See Tinker*, 691 A.2d at 64 ("It is clear that a release from incarceration stops the tolling and re-starts the running of the statute of limitations."); *see also Simpson*, 789 F. Supp. at 8 ("Th[e] release from incarceration removes the toll and commences running of the statute."). But if the plaintiff is arrested a second time during the limitations period, the limitations period continues to run and is not tolled again. *Tinker*, 691 A.2d at 64–65; *see also Simpson*, 789 F. Supp. at 8.

Here, a straightforward application of the statute of limitations bars Mr. Patrick's false imprisonment and malicious prosecution claims. Mr. Patrick's false imprisonment claim accrued on April 10, 2013, when he was arrested after his altercation with the Officers. *See* Am. Compl. ¶¶ 10–19. Because Mr. Patrick was in jail that day, D.C. Code § 12-302 tolled the statute of limitations until May 3, 2013, the day he was released. *See id.* ¶ 21. Mr. Patrick's malicious prosecution claim also accrued on May 3, 2013, the day that charges against him were dismissed. *See id.* Under the one-year statute of limitations, therefore, Mr. Patrick had until May 3, 2014, to bring both his false imprisonment and malicious prosecution claims. *See Curtis*, 535 F. Supp. 2d at 94. Because Mr. Patrick filed his complaint at earliest on August 8, 2014, when he signed his complaint and possibly submitted it to prison authorities for mailing, *see* Compl., at 9, the one-year statute of limitations means that his claims are time-barred.

To escape the one-year limitations period and survive the Officers' motion to dismiss, Mr. Patrick argues that *Simpson v. D.C. Metropolitan Police Department*, 789 F. Supp. 5, 8 (D.D.C. 1992), provides authority for the Court to hold that the limitations period was tolled during Mr. Patrick's second term of imprisonment (which began on May 6, 2013), as well as his first (which began on April 10, 2013 and ended on May 3, 2013). *See* Pl.'s Opp'n, at 8–9; *see also* Am. Compl. ¶¶ 21–22 (pleading the relevant dates).  But *Simpson* was decided based on different facts, which "indicate[d] the distinct likelihood that [the] plaintiff was incarcerated . . . continuously" from the time his claims accrued and throughout the limitations period, even if technically he was arrested, released, then re-arrested and imprisoned one day later for different charges.  *See Simpson*, 789 F. Supp. at 8.  On those grounds, the Court tolled the limitations period for both terms of imprisonment.  *See id.*  Unlike the plaintiff in *Simpson*, Mr. Patrick has not shown a "distinct likelihood" that he was continuously incarcerated throughout the limitations period.  *Id.*; *cf.* Am. Compl. ¶¶ 21–22 (omitting any allegations that Mr. Patrick remained incarcerated between his release May 3, 2013 and his re-arrest three days later); Pl.'s Opp'n, at 9 (noting that "Plaintiff was out for three days").  The facts here indicate that, on the day Mr. Patrick was first released, "at that instant his disability of imprisonment was removed" and "he was immediately able to pursue his claim against the District."  *Tinker*, 691 A.2d at 65.  In these circumstances, the Court cannot find that the limitations period was also tolled during Mr. Patrick's second term of imprisonment.  *See id.*

The statute of limitations thus requires the Court to dismiss Mr. Patrick's false imprisonment claim (Count II) and malicious prosecution claim (Count V).  Because these claims both accrued on May 3, 2013, Mr. Patrick had to bring his false imprisonment and malicious prosecution claims on or before May 3, 2014.  Mr. Patrick brought those claims no

earlier than August 8, 2014, when the complaint was signed and potentially submitted to prison authorities for mailing, *see* Compl., at 9, so the Court must grant the Officers' motion to dismiss Counts II and V of the complaint.[3]

## V.  CONCLUSION

For the above reasons, the District of Columbia's motion to dismiss Count I (ECF No. 34) is **GRANTED**, and the Officers' motion to dismiss Counts II and V (ECF No. 35) is **GRANTED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  April 12, 2016                                                                  RUDOLPH CONTRERAS
                                                                                                        United States District Judge

---

[3] The Officers have not sought dismissal of Mr. Patrick's abuse of process claim, asserted in Count IV of the amended complaint.  *See* Am. Compl. ¶¶ 32–34; Officers' Mem. Supp., at 3–5.  The Court notes, however, that, to the extent Mr. Patrick's abuse of process claim alleges that the Officers acted without probable cause in instigating the dispute, Mr. Patrick likely brings a malicious prosecution claim, not an abuse of process claim.  *See generally Whelan v. Abell*, 953 F.2d 663, 670 (D.C. Cir. 1992) (explaining that abuse of process and malicious prosecution are overlapping but different causes of action); *Rynn v. Jaffe*, 457 F. Supp. 2d 22, 24–25 (D.D.C. 2006) (construing the plaintiffs' abuse of process claim as a malicious prosecution claim because the claim focused on how the defendants acted without probable cause); *Zandford v. Nat'l Ass'n of Sec. Dealers*, 19 F. Supp. 2d 4, 8 (D.D.C. 1998) ("A plaintiff . . . states a claim for malicious prosecution when 'the alleged tort is based upon a lack of sound foundation for the instigation of the . . . action.'" (quoting *Bown v. Hamilton*, 601 A.2d 1074, 1079 n.14 (D.C. 1992))).

Indeed, Mr. Patrick's abuse of process claim alludes to the Officers' wrongdoing at the instigation of their dispute with Mr. Patrick.  *See, e.g.*, Am. Compl. ¶ 33 (alleging abuse of process by stating that "[i]n arresting Patrick and making false charges against him, [the Officers] knew that even if the charges against him were dismissed, which they were, that he would be sent back to jail for violating his probation").  Although the Court does not decide this issue, the Court observes that, if Mr. Patrick's abuse of process claim is actually a malicious prosecution claim, then the one-year statute of limitations would bar his abuse of process claim too.  *See Rynn*, 457 F. Supp. 2d at 25 (holding that abuse of process claims are "time-barred under D.C. Code § 12-301(4)" when they "actually concern malicious prosecution").